```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #: _____
BIDI VAPOR, LLC,                                    DATE FILED:  6/22/2022

                        Plaintiff,

        -against-                                   20 Civ. 10408 (AT)

ALDFACTORY, DGMENGOU, DHGATEIUS,                    ORDER
ECIGARETTEDIRECT, ECIGCTO,
ECIGMANUFACTURE, ECIGSHOP88,
ITALY_NEST1, LINJIUYONG, ONE CLOUD
PUFF, RACHELSHOUSE, SOULLILY,
SUNRISE_STORE, VAPEFOREVER,
WONDERFULECIGS, and XI02,

                        Defendants.
```

ANALISA TORRES, District Judge:

Plaintiff, Bidi Vapor, LLC, moves by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 33, in this action for trademark infringement and related claims, against the above-captioned Defendants, Compl., ECF No. 7. Plaintiff also requests a permanent injunction. ECF No. 33. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED, and Plaintiff's motion for a permanent injunction is GRANTED as modified below.

I.  Background

On December 10, 2020, Plaintiff filed its complaint and application for a temporary restraining order (the "TRO"), alleging claims of infringement and counterfeiting of Plaintiff's federally registered trademarks (the "Marks"), false designation of origin, passing off and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*., and common law unfair competition, in connection with Defendants' alleged online sale of counterfeited vaping products utilizing the Marks. Compl. ¶ 1. On January 12, 2021, the Court granted the TRO, and authorized alternative forms of service. ECF No. 17. On January 13 and 14, 2021, Plaintiff

served the summons, complaint, TRO, and supporting documents on Defendants. ECF Nos. 19, 20. Defendants failed to appear at the show cause hearing, despite being served with the TRO through the alternative service authorized by the Court. *See* ECF No. 26 at 1. On January 26, 2021, the Court entered Plaintiff's requested preliminary injunction. *Id*.

On May 19, 2021, the Clerk of Court entered a certificate of default. ECF No. 32. On June 11, 2021, Plaintiff moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2. ECF No. 33. On July 15, 2021, the Court issued an order directing Defendants to show cause why a default judgment should not be entered. ECF No. 40.

On February 16, 2021, Plaintiff's counsel filed an affidavit stating that the following documents were served on all Defendants by the alternative service authorized by the order to show cause:

1. Order to show cause, ECF No. 40;
2. Plaintiff's memorandum of law in support of their motion for default judgment, ECF No. 35;
3. Declaration of Plaintiff's counsel, Brienne Scully with attached exhibits, Scully Decl., ECF No. 34;
4. Declaration of Niraj Patel, Plaintiff's founder and chief executive officer, Patel Decl., ECF No. 37; and
5. Plaintiff's proposed default judgment (the "Proposed Judgment"), ECF No. 36.

ECF No. 41.

II. <u>Liability</u>

All Defendants defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause. Fed. R. Civ. P. 55(a). When a default occurs, the Court deems the well-pleaded factual allegations set forth in the complaint relating to liability as true. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiff alleges counts of trademark counterfeiting, in violation of 15 U.S.C. § 1114(1)(b); registered trademark infringement, in violation of 15 U.S.C. §§ 1114 and 1125; false designation of origin, passing off, and unfair competition, in violation of 15 U.S.C. § 1125(a); and common law unfair competition. Compl. ¶ 1.

Under the Lanham Act, counterfeiting and infringement of registered and unregistered trademarks require proving the same elements: that (1) "the plaintiff's mark is entitled to protection," and (2) "defendant's use of the mark is likely to cause consumers confusion." *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816, 2016 WL 11468565, at *3 (S.D.N.Y. Mar. 29, 2016).

Plaintiff demonstrates both elements here. First, Plaintiff has submitted United States trademark registrations as evidence that the Marks are protectible. Compl. Ex. B; *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) ("A certificate of registration with the [Patent and Trademark Office] is prima facie evidence that the mark is registered and valid (*i.e.* protectible).").

Second, although normally an analysis of consumer confusion is a fact-specific inquiry under the factors enumerated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), where a "counterfeit" is involved—"a spurious mark which is identical with, or substantially indistinguishable from, a registered mark"—the Court need not undertake a factor-by-factor analysis under *Polaroid* "because counterfeits, by their very nature, cause confusion." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012) (quotation marks and citations omitted). Plaintiff has sufficiently alleged that Defendants' marks are counterfeits. Compl. ¶¶ 10(b), 35, 37–40. Accordingly, Plaintiff is entitled to judgment on its counterfeiting and infringement claims.

3

A plaintiff who has established its claim for trademark infringement under § 1114 has similarly demonstrated its claim for false designation of origin, passing off, and unfair competition under § 1125. *Burberry Ltd. & Burberry USA v. Designers Imps., Inc.*, No. 07 Civ. 3997, 2010 WL 199906, at *7–8 (S.D.N.Y. Jan. 19, 2010). Accordingly, Plaintiff is also entitled to judgment on those claims.

Finally, Plaintiff is entitled to judgment on its state law unfair competition claim. To establish this claim, a plaintiff must allege (1) "misappropriation of the labors and expenditures of another," that is (2) "likely to cause confusion or to deceive purchasers as to the origin of the goods," and (3) "bad faith." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34–35 (2d Cir. 1995) (quotation marks and citation omitted). When there is a parallel Lanham Act claim, a plaintiff establishes a claim for common law unfair competition by stating their "Lanham Act claim coupled with a showing of bad faith or intent." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 157 (E.D.N.Y. 2016) (citation omitted). "Use of a counterfeit mark creates a presumption of bad faith." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 599 (S.D.N.Y. 2010). Thus, because Plaintiff has made out a Lanham Act claim for use of counterfeit trademarks, it has met the state unfair competition elements as well.

Accordingly, Plaintiff has demonstrated its entitlement to a judgment against every Defendant for each cause of action in the complaint.

III. <u>Statutory Damages</u>

To determine damages on a default judgment, a plaintiff bears the burden to "introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No 12 Civ. 1369, 2013 WL 1668206, at *6 (S.D.N.Y.

Apr. 18, 2013), *report and recommendation adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).  The Court may grant damages on a default judgment based only on affidavits "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 619 (S.D.N.Y. 2011) (alteration in original) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In other words, a court must be able to evaluate the fairness of the proposed damages award "based on admissible evidence." *Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, No. 14 Civ. 6911, 2016 WL 658310, at *3 (S.D.N.Y. Feb. 17, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016).

Plaintiff seeks statutory damages from Defendants on its claims for trademark counterfeiting and infringement in the amount of $ 50,000.  Patel Decl. ¶¶ 9–10; Scully Decl. ¶ 8.  The Lanham Act permits a plaintiff to opt to recover statutory damages in lieu of actual damages, of a minimum of $1,000 per counterfeit mark and a maximum of either $200,000 or, if the use of the counterfeit mark was "willful," $2,000,000, per counterfeit mark, as the Court considers "just."  15 U.S.C. § 1117(c).

Courts have wide discretion in determining the amount of statutory damages.  *See, e.g.*, *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986).  In making that determination, courts consider:

> (1) the expenses saved and the profits reaped by defendant; (2) the revenues lost by plaintiff; (3) the value of the copyright or mark; (4) the scale of defendant's infringement; (5) whether defendant's conduct was innocent or willful; (6) whether defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant and others.

*Ideavillage Prod. Corp. v. OhMyGod 1*, No. 18 Civ. 9999, 2020 WL 6747033, at *3 (S.D.N.Y. Nov. 17, 2020); *see also Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 425 (S.D.N.Y. 2018).

Here, "[b]y virtue of the default, [Defendants'] infringement is deemed willful[.]" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). Further, Defendants' failure to appear has made determining their profits, and Plaintiff's lost revenues, near-impossible. Patel Decl. ¶¶ 6–8. Plaintiff has further established the high value of the Marks, Compl. ¶¶ 14–25, and the large scale of infringement, Scully Decl. ¶¶ 31–32.

Plaintiff requests awards of $50,000 from each of the defaulting Defendants, each of whom, based on evidence from DHgate, have made anywhere from one to twenty-one infringing uses of the Marks. *See* Scully Decl., Exhibit E, ECF No. 34-5. Moreover, Plaintiff has established that the available discovery likely undercounts the number of products sold, as it is limited to one online storefront. Scully. Decl. ¶¶ 31–32. Other courts have granted Plaintiff and other similarly-situated plaintiffs equivalent awards. *See Off-White LLC v. 5HK5584*, No. 19 Civ. 672, 2020 WL 3050552, at *1 (S.D.N.Y. June 8, 2020); *Ideavillage Prod. Corp. v. Aarhus*, No. 18 Civ. 2739, 2019 WL 2290514, at *9 (S.D.N.Y. May 7, 2019), *report and recommendation adopted*, 2019 WL 2287726 (S.D.N.Y. May 28, 2019). Accordingly, the Court finds that the statutory damages sought by Plaintiff are appropriate. Post-judgment interest shall be awarded on these amounts pursuant to 28 U.S.C. § 1961.

IV.   Injunctive Relief

Plaintiff moves for a permanent injunction (1) prohibiting the defaulting Defendants from further counterfeiting or infringing the Marks, (2) requiring them to deliver to Plaintiff for destruction all infringing products, and (3) prohibiting third-party service providers and financial

institutions from providing services to Defendants, or moving their assets or evidence related to the assets. Proposed Judgment § III, ECF No. 36. The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable," 15 U.S.C. § 1116(a), which courts regularly use to grant injunctions on default, *Ideavillage Prod. Corp. v. OhMyGod 1*, 2020 WL 6747033, at *4 ("It is well-established that a court may grant a permanent injunction as part of a default judgment."). Plaintiff must therefore demonstrate (1) the likelihood that it will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law such as monetary damages are inadequate to compensate it for that harm; (3) the balance of hardships; and (4) whether the public interest would not be disserved by a permanent injunction. *See Salinger v. Colting*, 607 F.3d 68, 77–78 (2d Cir. 2010).

Plaintiff has established all these elements. Plaintiff has alleged that Defendants' conduct has caused irreparable harm to its goodwill and reputation, Compl. ¶¶ 57, 67, and that Defendants' willful infringement and counterfeiting, along with their failure to appear in this action, demonstrates that they will continue this harm absent court order, *WowWee Grp. Ltd. v. Haoqin*, No. 17 Civ. 9893, 2019 WL 1316106, at *5 (S.D.N.Y. Mar. 22, 2019). Plaintiff's hardship is evident, and it is "axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product," *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted); accordingly, the balance of hardships weighs in favor of Plaintiff. Finally, "[a] permanent injunction would also promote the public interest in freedom from deception in the marketing of consumer goods." *Ideavillage Prod. Corp. v. OhMyGod 1*, 2020 WL 6747033, at *4.

However, the proposed injunction is too broad in several respects. First, the injunction seeks to bind "officers, agents, servants, employees, successors and assigns and all persons

acting in concert with or under the direction of [the d]efaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of" the judgment. Proposed Judgment § III(1).  Federal Rule of Civil Procedure 65(d)(2) permits courts to bind non-parties "only" if they are "the parties' officers, agents, servants, employees, and attorneys [and] other persons who are in active concert or participation with" those specifically named in Rule 65(d)(2).  As other courts have observed, therefore, the language of Proposed Judgment § III(1) is overbroad, and the Court shall strike the reference to "successors and assigns," and add the word "active" before "concert" to track Rule 65(d)(2).  *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 379 (S.D.N.Y. 2020), *adhered to in relevant part on reconsideration*, No. 18 Civ. 1774, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020); *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 Civ. 8406, 2021 WL 2555636, at *3 (S.D.N.Y. June 22, 2021).

Moreover, Proposed Judgment §§ III(1)(F)(i) and (ii) are overbroad, as they require retention of documents not related to the sale of the counterfeit products at issue.  *See Spin Master Ltd.*, 463 F. Supp. 3d at 377–79.

Finally, Proposed Judgment §§ III(3) and (4), which seek to bind financial institutions and third party internet service providers, are overbroad.  The Court has no authority to enjoin third parties not before the Court who are not in active concert with Defendants.  *Spin Master Ltd.*, 463 F. Supp. 3d at 380–81 ("This [c]ourt cannot prejudge now—before knowing the facts—whether any particular financial institution or third party service provider is necessarily and by definition an aider and abettor").  In addition, the Court shall not, by freezing Defendants' accounts, grant Plaintiff rights to the assets in the accounts superior to those of other creditors with possibly equal or superior rights to those assets.  *Id.* at 381.  And, the Court shall not enjoin the third-party internet service providers from offering services unrelated to the products at issue

8

here. *Id.* at 381–82 (noting that such an injunction would not be "narrowly tailored to fit specific legal violations." (quoting *Victorinox AG v. B & F Sys., Inc.*, 709 F. App'x 44, 51 (2d Cir. 2017))); *Allstar Mktg. Grp., LLC*, 2021 WL 2555636, at *3–4. Though the Court is sympathetic to the "the difficulty of policing counterfeiting operations, and the potentially salutary effect of a judicial order that completely terminates any future commercial operations of a counterfeiter as a sanction for its behavior," an overbroad injunction is not a "proportionate remedy" to the acts at issue here. *Allstar Mktg. Grp., LLC v. 158*, No. 18 Civ. 4101, 2019 WL 8509382, at *2 (S.D.N.Y. Mar. 12, 2019), *reconsideration denied*, 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019). Therefore, the Court shall strike §§ III(3) and (4) from the Proposed Judgment.

Accordingly, Plaintiff's motion for a permanent injunction is GRANTED with the above modifications.

V.   Post-Judgment Asset Restraint and Transfer

Finally, Plaintiff further seeks a post-judgment asset restraint and transfer, either under Federal Rules of Civil Procedure 64 and 65 and 15 U.S.C. § 1116(a), or alternatively, under Federal Rule of Civil Procedure Rule 69 and state law. Pl. Mem. at 14–22, ECF No. 35.

In similar cases, courts have determined that Plaintiff's requested post-judgment relief is not available under Rules 64 and 65 and 15 U.S.C. § 1116(a). *See Allstar Mktg. Grp., LLC v. AFACAI*, 2021 WL 2555636, at *5–7 (concluding that Rule 64 applies only to provisional remedies, rather than final relief; that Rule 65 cannot be used to circumvent the more specific Rule 69's provisions and cannot bind third parties not in active concert with Defendants, and that § 1116(a) does not govern the execution of a judgment); *Allstar Mktg. Grp., LLC v. Bigbigdream320*, 2020 WL 5836514, at *7 ("Because the Court is not aware of any reasoned

authority providing for such relief, it adheres to its conclusion . . . that the only post-judgment remedies available to [p]laintiff are those under Rule 69 and state law." (emphasis omitted)).

Therefore, any post-judgment relief available to Plaintiff is governed by state law. Fed. R. Civ. P. 69 ("The procedure on execution . . . must accord with the procedure of the state where the court is located."). In New York, the applicable procedure is found in N.Y. C.P.L.R. §§ 5222 and 5225. Section 5222 provides that a judgment creditor may serve a restraining notice upon any person or entity holding the property of the debtor, thereby prohibiting that person or entity from transferring, selling, or destroying the property. N.Y. C.P.L.R. § 5222. Section 5225 provides that, for property not in the possession of the judgment debtor,

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. C.P.L.R. § 5225(a). Because relief here is proper under N.Y. C.P.L.R. § 5222, Plaintiff may serve upon Defendants a restraining notice forbidding them to make or suffer any sale, assignment, transfer, or interference with any property in which they have an interest, except as set forth in subsections (h) and (i) of Section 5222 of the C.P.L.R. *Allstar Mktg. Grp., LLC v. Bigbigdream320*, 2020 WL 5836514, at *7. However, Plaintiff has not shown that it has provided Defendants the proper notice required to be afforded relief under § 5225. Moreover, § 5225 requires identification of a particular piece of property, not frozen assets generally. *Id*. Therefore, the Court concludes that relief under § 5225 is not proper here, and shall strike § VI from the Proposed Judgment. *Id.*

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED as to all Defendants. The Court shall enter a separate judgment reflecting the modifications to the Proposed Judgment described in this order.

SO ORDERED.

Dated: June 22, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge